UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUSAN C. NORMAN, et al., <br> Appellants, | § <br> § <br> § CIVIL ACTION NO. 4:08-cv-02659 |
| v. | § <br> § <br> § |
| LEONARD H. SIMON, et al., <br> Appellees. | § <br> § |

## MEMORANDUM AND ORDER

This matter is before the Court on appeal of orders entered in an adversary proceeding (No. 08-3285), and also on a Motion to Withdraw the reference of the adversary action and a Motion for Entry of Order re: Pending Motion to Withdraw Reference. (Doc. Nos. 10, 11.)

Appellants contend that the Bankruptcy Court did not have jurisdiction of the adversary proceeding, which was a state court case that was removed. One appellee believes the Bankruptcy Court did have jurisdiction, but does not oppose withdrawal of the reference. Another appellee states that it has no financial interest in the appeal, but doubts this Court's jurisdiction on appeal. A further appellee believes the reference should not be withdrawn, but that attorney's fees and costs should nonetheless be assessed.

The Court acknowledges legitimate issues as to jurisdiction on appeal. *See* 28 U.S.C. § 1452(b). To remove that doubt, the Court revokes the reference and assumes jurisdiction of the adversary action.

With respect to the adversary action, certain of the parties have indicated their wish to resolve disputes consensually. In the underlying state court action, Mr. Michael

Easton, Ms. Susan C. Norman, Mr. Leonard H. Simon, and the law firm of Pendergraft & Simon L.L.P have entered non-suits as to one another. (Doc. No. 26.) In this case, Mr. Simon and Pendergraft & Simon have withdrawn their motion for sanctions and motion for contempt. (Doc. Nos. 27, 28.)

In view of the progress made toward resolution of the issues that have separated the parties, the Court believes that reviewing and evaluating the adversary action that has been appealed, and the language concerning the conduct of those who have appeared in Bankruptcy Court, would be an inefficient use of time, and potentially counter-productive. The Court therefore will vacate the Orders entered on August 20, 2008 in the adversary proceeding. The proceeding will be again remanded to state court, where it is currently pending.

The Court is generally aware that hard feelings have existed between and among certain individuals who have been involved in the litigation matrix of which the adversary action is a small part. In the hearing held in this matter, however, none of those of those individuals seemed to the Court to be impervious to reason, or unwilling to look beyond that which has gone before.

As President Kennedy once said, "We all inhabit the same small planet, we all breathe the same air, we all want an even better life for our children, and we are all mortal." Especially now, as our small planet faces peril and our children's future appears in jeopardy, our finite mortality should not be spent in discord.

All parties have this Court's every good wish for a swift and consensual end to all that divides them. The Motion to Withdraw the Reference and the Motion for Entry of Order (Doc. Nos. 10, 11), are **GRANTED IN PART** as the Court revokes the reference

and hereby **VACATES** the underlying order. The Motions are **DENIED IN PART** to the extent they request further relief. This underlying proceeding is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

**SIGNED** this 24th day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE